# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Commonwealth of Virginia

v.

Earl F. Payne

June 4, 1990

Case No. (Criminal Law) 90-73

By JUDGE JAY T. SWETT

The defendant has moved to suppress certain statements he made on the evening of December 18, 1989, while at the apartment of his girlfriend where he was living at the time. The defendant also asks for the suppression of a written statement made later in the evening while he was detained at the Charlottesville Police Department. The basis for the motion is twofold. The first is that Mr. Payne was not told of his rights as required under *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966). The second is that, assuming Mr. Payne was given his *Miranda* rights, the statements were still not voluntarily made. A third issue presented in the original motion, i.e. that the Commonwealth did not meet the requirements of § 19.2-57, was withdrawn.

The evidence presented at the hearing on May 31, 1990, was as follows. On December 18, 1989, several Charlottesville police officers executed a search warrant at the apartment of Ms. Drakeford, the girlfriend of Mr. Payne. Mr. Payne was asleep in a back bedroom when the officers arrived. Mr. Payne was awakened by an officer holding a gun. He was told that the police were there to search for illegal drugs and was asked if there were

any drugs in the house. Mr. Payne then joined several others in the living room while the search was conducted. In the bedroom where Mr. Payne had been sleeping, the officers found certain items including a razor blade, a mirror and other items believed to be associated with the use of illegal drugs. Mr. Payne was called back to the bedroom. One officer testified that he read Mr. Payne his *Miranda* rights, reading from a standard card in accordance with his customary practice. The officer testified that he asked Mr. Payne if he would agree to speak with the officers. He testified that Mr. Payne agreed to do so and thereafter gave certain statements which are the subject of this motion.

Mr. Payne testified that he could not recall being read his *Miranda* rights by the officer when he was called into the bedroom. He does not deny that they were read by the officer. He states he does not remember. Mr. Payne then returned to the living room.

The search continued and one of the officers found a quantity of what he believed to be an illegal drug. Mr. Payne was brought back into the bedroom. The officer did not advise Mr. Payne of *Miranda* rights at this time and proceeded to ask questions about the newly discovered item. Mr. Payne gave a statement which is also subject of this motion. Mr. Payne was then placed under arrest and taken to the police station. While there he was read his *Miranda* rights and signed a form waiving those rights. He then gave a written statement. That statement is also a subject of defendant's motion.

Defendant first contends that he was not given his *Miranda* rights in the bedroom prior to being questioned after the officer found the razor blade, mirror and other items. On this issue the Court finds that the Commonwealth has met its burden and that Mr. Payne was advised of his *Miranda* rights prior to the initial interrogation. Mr. Payne does not deny that he was advised of his rights, rather that he does not remember. Both officers testified that Mr. Payne was advised of his rights and stated that Mr. Payne acknowledged he understood that he was waiving them.

Prior to the second interrogation, it is uncontested that the officer did not repeat the *Miranda* warnings to Mr. Payne. However, the Court does not find that the officer

was required to do so. After having been advised of his rights and then waiving them, Mr. Payne never indicated a desire to exercise his rights prior to the second interrogation. While the second interrogation concerned other evidence, there is no requirement that this alone requires a restatement of the *Miranda* warnings. Once one has waived his *Miranda* rights, there is a presumption that the waiver continues through later interrogations until the waiver is revoked. *Frye v. Commonwealth,* 231 Va. 370, 378, 345 S.E.2d 267 (1986). Indeed, there does not appear to be a requirement that a suspect be informed of all possible subjects of an interrogation or the nature of all the crimes under investigation prior to one giving a waiver of one's *Miranda* rights. *Colorado v. Spring,* 479 U.S. 564, 197 S. Ct. 851 (1987). There was no evidence here that Mr. Payne sought to revoke his earlier waiver and therefore there was no need for the officer to repeat the *Miranda* warnings prior to the second interrogation.

Finally, Commonwealth's Exhibit One is the written *Miranda* acknowledgement signed by Mr. Payne at the police station. That statement plus the testimony at the hearing is sufficient to sustain the Commonwealth's position that the written statement was preceded by a proper giving of Mr. Payne's *Miranda* rights.

Having dealt with the *Miranda* issue does not dispose of the motion. The Commonwealth still must show that the three statements given by Mr. Payne were voluntarily made. The defendant argues they were not voluntary because they were coerced based on a threat from the officers. Mr. Payne and Ms. Drakeford testified that one or more of the officers threatened that they would charge Ms. Drakeford for possession of the items found and that her two children would be taken from her. It is contended that these threats prompted Mr. Payne to make statements out of fear that Ms. Drakeford would be charged by the officers. Therefore, argues the defendant, the statements were not of his free will, but were the product of threats and coercion.

The defendant cites *Lynum v. Illinois,* 372 U.S. 528 (1962), in support of his position. *Lynum* deals with a confession made by one who was threatened with being deprived of state financial aid for her children, that her children would be taken from her and that she might not see them again if she did not cooperate. The defendant

had been charged with possession and sale of marijuana. In *Lynum* the officers admitted to making the coercive statements. Here, the threats were denied by the officers. Also, the threat in *Lynum* was directed at the accused, where as here, the alleged threats were targeted at Ms. Drakeford and not the defendant.

This case is similar to *Tipton v. Commonwealth*, 224 Va. 256 (1982). There the defendant contended that he confessed to the crime only after the investigating officer said he would keep the defendant's girlfriend "out of it" if the defendant would confess to the crime. The officer denied making the threat. The Court approved the trial court's finding that the confession was voluntarily made and held that the issue of voluntariness was more properly one for the jury to consider. 224 Va. at 261.

The burden is on the Commonwealth to prove that the statements were voluntary. Here, after looking at all the circumstances, I find that the Commonwealth has met its burden and the statements were voluntarily made and will be admissible at trial. Mr. Payne will be permitted at trial to argue they were the product of coercion.

The motion to suppress is denied.